IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES DOUGLAS COLLIER                                                    PLAINTIFF

v.                                                          CAUSE NO. 1:15-cv-60-LG-RHW

HARRISON COUNTY
and HARRISON COUNTY JAIL                                             DEFENDANTS

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. After consideration of the record in this case and relevant legal authorities, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

*Pro se* Plaintiff James Douglas Collier initiated this action on March 2, 2015, while he was incarcerated at the Harrison County Detention Center, Gulfport, Mississippi. The Court entered an Order [3] on March 2, 2015, advising Plaintiff of certain provisions of the Prison Litigation Reform Act. The Order required Plaintiff to file an Acknowledgment of Receipt or a Notice of Voluntary Dismissal within 30 days. That Order warned Plaintiff that his failure to comply or his failure to advise the Court of a change of address may result in the dismissal of this case. The envelope containing the March 2, 2015, Order was returned by the Postal Service with the notation "return to sender, released."

The Court entered an Order to Show Cause [6] on April 14, 2015, requiring Plaintiff, on or before May 12, 2015: (1) to file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the

Court's March 2, 2015, Order; and (2) to comply with the Court's prior Order by filing the required documents. Order [6] at 1. Plaintiff was cautioned that his "failure to advise this Court of a change of address or failure to timely comply with this Order will result in the dismissal of this case, without further notice to the Plaintiff." *Id*. at 2. The envelope containing the Show Cause Order was returned by the Postal Service with the notation "return to sender, released."

## II. DISCUSSION

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 630-31.

Plaintiff did not comply with two Court Orders even after being warned that failing to do so might result in the dismissal of his lawsuit.[1] Order [3] at 2; Order [6] at 2. Plaintiff has not informed the Court of his current address. Plaintiff has

---

[1]The Court finds that Plaintiff previously filed a Complaint in the Court in *Collier v. B-Line Bonding Co.*, cause no. 3:13-cv-558-HTW-LRA (S.D. Miss. Oct. 31, 2013) and is aware of his responsibility to inform the Court of a change of address.

2

not contacted the Court since March 2, 2015. Such inaction presents a clear record of delay or contumacious conduct by Plaintiff. It is apparent to the Court that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 2$^{ne}$ day of June, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE